UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAC PROJECT LLC,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>HIGH LONESOME CLAIMS, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00217-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

This action arises from a dispute over the ownership of several placer mining claims in White Pine County, Nevada. (ECF No. 55 ("Amended Complaint").) The Court previously granted partial summary judgment in favor of Plaintiff MAC Project, LLC ("MAC") as to three claims asserted in the Amended Complaint—the first claim for declaratory relief, the second claim for declaratory relief and the sixth claim for quiet title. (ECF No. 84 ("November Order").) In the November Order, the Court also granted Defendant White Pine County's motion to dismiss for failure state a claim under 42 U.S.C. § 1983. (*Id.*)  Before the Court is the remaining Defendants'[1] motion to dismiss, asking the Court to decline to exercise supplemental jurisdiction over the remaining state law claims. (ECF No. 87 ("Motion").)[2] For the reasons discussed below, the Court denies the Motion.

///

---

[1] Remaining Defendants are Richard W. Sears; Leslie A. Sears; Nikolai L. Dobrescu; Kellie Ann Dobrescu; Steven L. Dobrescu; Teena K. Dobrescu; Dave Southam; Camie Southam; Clay Sears; Lisa Sears; Michael S. Pasek; June Salisbury, Phil Salisbury, High Lonesome Claims ("HLC"); and High Lonesome Mining, Inc. (ECF No. 55.)

[2] Plaintiff responded (ECF No. 90) and Defendants replied (ECF No. 91).

## II. DISCUSSION

Defendants primarily argue that dismissal of White Pine County results in only state law claims remaining, so the Court should use its discretion under 28 U.S.C. § 1367(c)(3)[3] and decline to exercise supplemental jurisdiction over the remaining state law claims.[4] (ECF No. 87.) In response, however, Plaintiff correctly points out that the Court's federal question jurisdiction is also based on the first claim for declaratory relief, so the Court cannot exercise its discretion under Section 1367(c)(3). (ECF No. 90.)

Plaintiff's first claim for declaratory relief seeks a declaration that state law, NRS § 517 *et seq.*, is pre-empted by the Federal Land Policy and Management Act of 1976 ("FLPMA") and the General Mining Act of 1872. (ECF No. 55 at 12-13.) In the November Order, the Court granted summary judgment in favor of Plaintiff on this declaratory relief claim. (ECF No. 84 at 17.) Thus, the claim giving rise to federal question jurisdiction was not dismissed; Plaintiff prevailed on the merits of the claim. Because the Court adjudicated the federal question claim in Plaintiff's favor, the Court retains original jurisdiction and cannot exercise its discretion under Section 1367(c)(3). *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscapes & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding that because the court granted default judgment of the federal claim, not dismissal of the federal claim, the exercise of discretion under Section 1367(c)(3) was not authorized). For this reason, the Court denies the Motion.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and

---

[3]Section 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction."

[4]Defendants raise other arguments as to why the Court should decline to exercise supplemental jurisdiction. The Court declines to address these arguments, because the Court has federal question jurisdiction over the federal claim adjudicated.

determines that they do not warrant discussion, as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 87) is denied.

DATED THIS 14th Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE