Bradley S. Slighting, Esq.
Nevada Bar No. 10225
SLIGHTING LAW
1707 Village Center Cir, Ste 100
Las Vegas, NV 89134
Tel: (702) 232-2543
brad@slightinglaw.com

Scott Wellman, Esq.
Pro Hac Vice
California Bar No. 82897
Wellman and Warren, LLP
24411 Ridge Route Dr., Unit 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
swellman@w-wlaw.com

Attorneys for Plaintiff
MAC PROJECT LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MAC PROJECT LLC, a Nevada limited liability company,

        Plaintiff,

vs.

HIGH LONESOME CLAIMS, a Nevada mining claim ownership group; HIGH LONESOME MINING, INC., a Nevada corporation; RICHARD W. SEARS, an individual; LESLIE A. SEARS, an individual; NIKOLAI L. DOBRESCU, an individual; KELLIE ANN DOBRESCU, an individual; STEVEN L. DOBRESCU, an individual; TEENA K. DOBRESCU, an individual; DAVE SOUTHAM, an individual; CAMIE SOUTHAM, an individual; CLAY SEARS, an individua; LISA SEARS, an individual; MICHAEL S. PASEK; JUNE SALISBURY,

Case No. 3:24-cv-00217

**ORDER GRANTING STIPULATION TO FILE SECOND AMENDED COMPLAINT**

Complaint Filed: May 20, 2024

-1-
**STIPULATION TO FILE SECOND AMENDED COMPLAINT**

1  an individual; PHIL SALISBURY, an
2  individual;

3        Defendants.

4  ——————————————————————————

5  HLC , ET. AL.,
6        Counterclaimant,

7  vs.

8  KAPACKE MINING, INC., A Former
9  Montana Corporation, MAC MINING, INC.,
   A Nevada Corporation, MAC PROJECT, A
10 Nevada LLC, KAPACKE MINING, L.L.C., A
11 Former Nevada Limited Liability Company,
   OSCEOLA GOLD INC., A Delaware
12 Corporation Formerly A Nevada Corporation,
13 PIZZ INC, A Former Nevada Corporation,
   PHY HEALTH, INC., Corporate Status
14 Unknown, KARLA SANCHEZ, an individual,
15 PAT PIZZAFERRATO, an individual,
   TRACY PIZZAFERRATO, an individual
16 TOM MOORE, an individual, CARMEN
17 DECESARE, an individual.

18        Counter-Defendants.

19

20       **IT IS HEREBY STIPULATED** by and between the parties hereto through their respective

21 attorneys of record that, pursuant to Rule 15(a)(2), Plaintiff may file a Second Amended Complaint,

22 a copy of which is attached hereto as Exhibit 1.

23

24                                          **SLIGHTING LAW**

25

26 DATED: October 16, 2025              BY: *Bradley S. Slighting*
                                        Bradley S. Slighting, Esq.
27                                      Attorney for Plaintiffs

28

**STIPULATION TO FILE SECOND AMENDED COMPLAINT**

1

2                                           **WELLMAN & WARREN, LLP**

3 DATED: October 16, 2025            BY: *Scott Wellman*

4                                            Scott Wellman, Esq. (Pro Hac)

5                                            Attorney for Plaintiffs

6                                           **DEMETRAS LAW, PC**

7 DATED: October 17, 2025            BY: *J. Craig Demetras*

8                                            J. Craig Demetras

                                           Attorney for Defendants,

9                                            Michael S. Pasek, June Salisbury and

10                                            Phil Salisbury

11                                           **MANUELE LAW**

12 DATED: October 17, 2025            BY: *Shain Manuele*

13                                            Shain Manuele

14                                            Attorney for Defendants, High Lonesome

                                           Claims, High Lonesome Mining, Inc., and

15                                            Richard W. Sears

16                                            Attorney for Defendants/Counterclaims, Leslie

                                           A. Sears, Nikolai L. Dobrescu; Kellie Ann

17                                            Dobrescu, Steven L. Dobrescu,

18                                            Teena K. Dobrescu, Dave Southam,

                                           Camie Southam, Clay Sears,

19                                            Lisa Sears,

20                                            **SEARS LAW FIRM**

21 DATED: October 17, 2025            BY: *Richard Sears*

22                                            Richard Sears

23                                            Attorney for Counterclaimants, High Lonesome

                                           Claims, High Lonesome Mining Inc., and

24                                            Richard Sears

25

26                            IT IS SO ORDERED

27 DATED this 17th day of October, 2025.

                                           _____

28                                            U.S. DISTRICT JUDGE

**STIPULATION TO FILE SECOND AMENDED COMPLAINT**

1

**CERTIFICATE OF SERVICE**

2

Pursuant to Local Rule 4-1(b), which states, "electronic transmission of the Notice of

3

Electronic Filing constitutes service of a document on filers," I hereby certify that on October 17,

4

2025, I will file this document electronically, which will affect service on all counsel.

5

6

Richard W. Sears,
775 296-3075

7

rwsears@Me.com

8

*Attorney for Counterclaimants, High Lonesome Claims, High Lonesome Mining Inc.,
and Richard Sears*

9

10

Michael S. Pasek
Shain Manuele,

11

1136 Main Street, Panaca, Nv 89042
435 592-9661

12

office@Manuelelaw.com

13

14

*Attorneys for Defendants Attorney for Defendants, High Lonesome Claims, High*

15

*Lonesome Mining, Inc., and Richard W. Sears*

16

*Attorney for Defendants/Counterclaims, Leslie A. Sears, Nikolai L. Dobrescu;*

17

*Kellie Ann Dobrescu, Steven L. Dobrescu, Teena K. Dobrescu, Dave Southam,*

*Camie Southam, Clay Sears, Lisa Sears,*

18

19

DEMETRAS LAW
J. Craig Demetras

20

230 E. Liberty Street

21

Reno, NV 89501
775-348-4600

22

jcd@demetraslaw.com

23

24

*Attorney for Defendants, Michael S. Pasek, June Salisbury and Phil Salisbury*

25

26

By: /s/Scott Wellman

27

Scott Wellman, CA SBN: 82897

28

-1-
**CERTIFICATE OF SERVICE**

# EXHIBIT 1

Bradley S. Slighting, Esq.
Nevada Bar No. 10225
SLIGHTING LAW
1707 Village Center Cir, Ste 100
Las Vegas, NV 89134
Tel: (702) 232-2543
brad@slightinglaw.com

Scott Wellman, Esq.
Pro Hac Vice
California Bar No. 82897
Wellman and Warren, LLP
24411 Ridge Route Dr., Unit 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
swellman@w-wlaw.com
Attorneys for Plaintiff
MAC PROJECT LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAC PROJECT LLC, a Nevada limited liability company; and MAC MINING GROUP INC., a Nevada corporation .

Plaintiffs,

vs.

HIGH LONESOME CLAIMS, a Nevada mining claim ownership group; HIGH LONESOME MINING, INC., a Nevada corporation; RICHARD W. SEARS, an individual; LESLIE A. SEARS, an individual; NIKOLAI L. DOBRESCU, an individual; KELLIE ANN DOBRESCU, an individual; STEVEN L. DOBRESCU, an individual; TEENA K. DOBRESCU, an individual; DAVE SOUTHAM, an individual; CAMIE SOUTHAM, an individual; CLAY SEARS, an individua; LISA SEARS, an individual; MICHAEL S. PASEK; JUNE SALISBURY, an individual; PHIL SALISBURY, an individual; GUY SALISBURY, an individual; DIG M EXCAVATION SERVICES, INC., a Nevada corporation; HEAVY EQUIPMENT

Case No. 3:24-cv-00217

**SECOND AMENDED COMPLAINT**

Complaint Filed: May 20, 2024

-1-
**SECOND AMENDED COMPLAINT**

LEASING, INC., a Nevada corporation;
BLACK SHADOW TRUST, a Nevada Trust

Defendants.

**COMES NOW**, Plaintiff MAC PROJECT LLC and MAC MINNING INC., above-named, by and through their undersigned counsel, and each of them, hereby alleges as follows:

## THE PARTIES

1. Plaintiff MAC PROJECT LLC ("MAC") is a Nevada limited liability company.

2. Plaintiff MAC MINING GROUP INC., ("MAC MINING") is a Nevada corporation

3. Based upon information and belief, Defendant HIGH LONESOME CLAIMS ("High Lonesome Claims" or "HLC") is a Nevada mining claim ownership group with an address of 1963 S. 17th E., Ely, Nevada 89301.

4. Based upon information and belief, Defendant HIGH LONESOME MINING, INC. ("High Lonesome Mining") is a Nevada corporation with an address of 1963 S. 17th E., Ely, Nevada 89301.

5. Defendant RICHARD W. SEARS ("R. Sears") is an individual with an address of ▮▮▮▮▮▮▮▮▮▮▮

6. Defendant LESLIE A. SEARS ("Leslie Sears") is an individual with an address of ▮▮▮▮▮▮▮▮▮▮▮

7. Defendant CLAY SEARS ("C. Sears") is an individual with an address of ▮▮▮▮ ▮▮▮▮▮▮▮

8. Defendant LISA SEARS ("Lisa Sears") is an individual with an address of ▮▮▮▮ ▮▮▮▮▮▮▮

9. Defendant NIKOLAI L. DOBRESCU ("N. Dobrescu") is an individual with an address of 880 North 59th East Street, Ely, Nevada 89301.

10.    Defendant KELLIE ANN DOBRESCU ("K. Dobrescu") is an individual with an address of 880 North 59th East Street, Ely, Nevada 89301

11.    Defendant STEVEN L. DOBRESCU ("S. Dobrescu") is an individual with an address of 81 North 59th West Street, Ely, Nevada 89301.

12.    Defendant TEENA K. DOBRESCU ("T. Dobrescu") is an individual with an address of 81 North 59th West Street, Ely, Nevada 89301.

13.    Defendant DAVE SOUTHAM ("D. Southam") is an individual with an address of 105 West 2950 South, Salt Lake City, Utah 84115.

14.    Defendant CAMIE SOUTHAM ("C. Southam") is an individual with an address of 105 West 2950 South, Salt Lake City, Utah 84115.

15.    Defendant MICHAEL S. PASEK ("Pasek") is an individual with an address of HC 64 Box 64540, Ely, Nevada 89301.

16.    Defendant JUNE SALISBURY ("J. Salisbury") is an individual with an address of HC 64 Box 64580, County Road 39, Ely, NV 89301.

17.    Defendant PHIL SALISBURY ("P. Salisbury") is an individual with an address of HC 64 Box 64580, County Road 39, Ely, NV 89301.

18.    Defendant GUY SALISBURY ("G. Salisbury") is an individual with an address of 810 South 1900 East, Washington, Utah, 81780.

19.    Defendant DIG M EXCAVATION SERVICES, INC. (DigM") is a Nevada corporation. On information and belief, DigM is owned and controlled by defendant Pasek and Pasek uses it to engage in the unlawful mining activities alleged herein. DigM is jointly and severally liable with Pasek for the damages alleged herein.

20.    Defendant HEAVY EQUIPMENT LEASING, INC. ("HeavyEq.") is a Nevada Corporation. On information and belief, HeavyEq is owned and controlled by defendant Pasek and

Pasek uses it to engage in the unlawful mining activities alleged herein. HeavyEq is jointly and severally liable with Pasek for the damages alleged herein.

21.    Defendant, BLACK SHADOW TRUST ("Black Shadow") is a Nevada Trust with an address of HC 64 Box 64540, Ely, Nevada 89301. On information and belief, Black Shadow is controlled by Pasek.

<u>**JURISDICTION**</u>

22.    This Court retains subject-matter jurisdiction pursuant to 28 U.S.C. §1331 as this case concerns federal questions, including, whether the action taken by Defendants pursuant to NRS 517.010 et. seq. is preempted by the Federal Land Policy and Management Act of 1976, 43 USC §1701 et. seq. and The General Mining Law of 1872, 30 USC §§ 21 to 54 and 611 to 615, as amended, and the proper application of these federal statutes. This Court has ancillary jurisdiction over any state issues as such issues are intertwined and related to the federal issues in this matter.

<u>**STATEMENT OF FACTS**</u>

23.    MAC owns certain real property located on federal land in Sections 21, 22, 23, 24 and 26, T. 14N., R. 67E., M.D.B.&M, White Pine County, Nevada ("Property"), having the following identifying description ("Claims"):

**Description of Unpatented Mining Claims**

| Claim Name | Legacy Number | Lead Legacy No. | BLM Status | Location Date |
|------------|---------------|-----------------|------------|---------------|
| Solomon 1 | NMC125421 | NMC125421 | Active | 8/22/1966 |
| Solomon 2 | NMC125422 | NMC125421 | Active | 8/22/1966 |
| Solomon 3 | NMC125423 | NMC125421 | Active | 8/22/1966 |
| Solomon 4 | NMC125424 | NMC125421 | Active | 8/22/1966 |
| Solomon 6 | NMC125426 | NMC125421 | Active | 8/22/1966 |
| Solomon 7 | NMC125427 | NMC125421 | Active | 7/7/1967 |

**SECOND AMENDED COMPLAINT**

| MAV # 5A | NMC251803 | NMC251803 | Active | 8/30/1982 |
| MAV # 5C | NMC251805 | NMC251803 | Active | 8/30/1982 |
| MAV # 5D | NMC251806 | NMC251803 | Active | 8/30/1982 |
| MAV # 5E | NMC251807 | NMC251803 | Active | 8/30/1982 |
| MAV # 5F | NMC251808 | NMC251803 | Active | 8/30/1982 |
| MAV # 5G | NMC251809 | NMC251803 | Active | 8/30/1982 |

(A true and correct copy of the current Bureau of Land Management ("BLM") Serial Register Page ("SRP") is attached hereto as Ex. "1").

MAC MINING is the operator of records and has an interest in the claims and underground assets thereon.

23.    MAC acquired the Claims on April 15, 2024, from The Infinity Mine, L.L.C., a Utah limited liability company ("Infinity"), according to that certain Quitclaim Deed recorded in the Official Records of the White Pine County Recorder ("Official Records") on April 15, 2024, as Document No. 2024-402518. (A true and correct copy of the Quitclaim Deed is attached hereto as Ex. "2"). Pursuant to the terms of a purchase agreement with Infinity entered into or about March 2023 with Infinity, MAC secured access and permission to mine on the Property.

24.    Prior to MAC's acquisition of the Claims, on August 24, 2023, Infinity paid to the BLM the annual maintenance fees for the Claims. (See Ex. 1).

25.    Prior to MAC's acquisition of the Claims, on November 6, 2023, Infinity recorded in the Official Records its Affidavit of Intent to Hold the Claims, as Document No. 2023-400484. (A true and correct copy of the Affidavit is attached hereto as Ex. "3").

26.    On January 6 and 7, 1984, predecessors to Defendant June Salisbury erected placer location monuments upon certain lands, naming such newly-located claims Hamshire, Yorkshire,

Berkshire, Smokey Placer, Mary Ann 1 Placer, Mary Ann 2 Placer, Mary Ann 3 Placer, Mary Ann 4 Placer. (A true and correct copy of the BLM SRP and map is attached hereto as Ex. "4").

27.    On November 2, 1986, predecessors to Defendant Phil Salisbury erected placer location monuments upon certain lands, naming such newly-located claims Gold Wheel #1 through #8, inclusive (the "Gold Wheel Claims"). (A true and correct copy of the BLM SRP and map is attached hereto as Ex. "5").

28.    On July 3, 2012, Defendant SEARS, on behalf of Defendant June Salisbury, filed a civil complaint in the Seventh Judicial District Court in and for the County of White Pine against Counter-Defendants Kapacke, Pizzaferato, and a one Christopher R. Tarquino in Case No. CV1207085.

29.    On September 27, 2012, Defendant June Salisbury was granted a preliminary injunction in Case No. CV1207085.

30.    On January 4, 2013, Defendant June Salisbury received a default judgment against Counter-Defendants Kapacke, Pizzaferato, and a one Christopher R. Tarquino.

31.    On March 11, 2013, Infinity filed a motion to intervene in Case No. CV1207085.

32.    On August 8, 2014, Defendant SEARS, on behalf of Defendant June Salisbury, claimed Infinity was estopped from asserting an adverse right to the Yorkshire and Mary Ann 2 Placer claim.

33.    On January 3, 2024, Pasek erected placer location monuments upon the same lands as MAC's MAV # 5C, MAV # 5D, MAV # 5E, MAV # 5F, and MAV # 5G Claims, naming such newly-located claims Stormy B, Stormy C, Stormy D, Stormy E, and Stormy F (the "Stormy Claims"). (A true and correct copy of the Certificate of Location is attached hereto as Ex. "6").

34.    On January 3, 2024, Pasek recorded the certificates of location for the Stormy Claims in the Official Records as Document Nos. 2024-401450, 401452, 401454, 401456, 401458. (Id.)

35.     On January 3, 2024, Pasek recorded the maps for the Stormy Claims in the Official Records as Document Nos. 2024-401451, 401453, 401455, 401457, 401459. (True and correct copies of the recorded maps are attached hereto as Ex. "7").

36.     On January 8, 2024, Pasek filed with the BLM the certificates of location and maps for the Stormy Claims. (A true and correct copy of the BLM SRP is attached hereto as Ex. "8").

37.     On January 26, 2024, Defendants, R. Sears, L. Sears, N. Dobrescu, K. Dobrescu, S. Dobrescu, T. Dobrescu, D. Southam, and C. Southam erected or caused to be located placer location monuments upon the same lands as MAC's Solomon 1, Solomon 2, Solomon 3, and Solomon 7 Claims, naming such newly-located claims HLC-1, HLC-2, HLC-3, and HLC-7 (the "HLC Claims"). (A true and correct copy of the Certificate of Location is attached hereto as Ex. "9").

38.     On January 26, 2024, Defendants R. Sears, L. Sears, N. Dobrescu, K. Dobrescu, S. Dobrescu, T. Dobrescu, D. Southam, and C. Southam recorded or caused to be recorded the certificates of location for the HLC Claims in the Official Records as Document Nos. 2024-401557, 401558, 401560, 401561. (Id.)

39.     On January 26, 2024, Defendants R. Sears, L. Sears, N. Dobrescu, K. Dobrescu, S. Dobrescu, T. Dobrescu, D. Southam, and C. Southam recorded or caused to be recorded the maps for the HLC Claims in the Official Records as Document Nos. 2024-401559 and 401562. (True and correct copies of the recorded maps are attached hereto as Ex. "10").

40.     On February 15, 2024, Defendant R. Sears filed with the BLM the certificates of location and maps for the HLC Claims. (A true and correct copy of the BLM SRP is attached hereto as Ex. "11").

41.     On March 21, 2024, the BLM labeled the Stormy Claims as "Filed" in the BLM's records. (See Ex. "8").

42.    On April 18, 2024, the BLM labeled the HLC Claims as "Filed" in the BLM's records. (See Ex. 11).

43.    On April 29, 2024, Defendant R. Sears delivered to third party person that certain Notice of Trespass and Cease and Desist Order on behalf of Defendant High Lonesome Claims. (A true and correct copy of the Notice of Trespass and Cease and Desist Order is attached hereto as Ex. "12")

44.    Upon information and belief, on or about April 29, 2024, Defendants removed or caused to be removed from the Property tangible personal property belonging to MAC.

45.    On or about April 29, 2024, MAC sent Pasek a letter informing Pasek that the Stormy Claims were adverse to the Claims, void *ab initio*, and provided Pasek with a Notice of Abandonment of Unpatented Mining Claims, further requesting Pasek execute the same and cause it to be recorded in the Official Records. (A true and correct copy of MAC's letter to Pasek is attached hereto as Ex. "13").

46.    On May 1, 2024, White Pine County Sheriff's Department deputies were dispatched to the Property pursuant to a call from both MAC and Pasek reporting a disturbance at the Property.

47.    Upon information and belief, on or about May 1, 2024, White Pine County Sheriff Deputy No. 089 informed MAC that he had investigated the matter with White Pine County Recorder Chrissie Shady, acting in her capacity as the White Pine County Recorder, and she informed him that MAC's Claims were null and void.

48.    Upon further inquiry, MAC was informed that the White Pine County Recorder had determined that the November 6, 2023, recordation of the Affidavit of Intent to Hold the Claims rendered the Claims void under NRS 517.230. Based on these instructions from the White Pine County Recorder, the Sheriff ordered MAC to be removed from its claims.

**SECOND AMENDED COMPLAINT**

49.     No notification of this unilateral decision that the Claims were forfeited was ever communicated to MAC and no right to appeal or any opportunity to challenge the decision was ever provided to MAC. The failure to provide notice or the right to appeal occurred despite the fact that: 1) MAC, as the operator of record, had reopened the Claims with the Nevada Mine Safety and Health Administration, working closely with MSHA inspectors Alana Crutcher, Robert Hartzell, Mike Tromble, as well as BLM agents Aaron Barnes and David Carvalho to do so; 2) MAC had a grand opening event on October 2, 2023 with over 100 people in attendance, including Ely, Nevada Mayor Nathan Robertson and Councilwoman Samantha Elliott among them; and 3) MAC conducted activities on the Property beginning in the Summer of 2023, including moving equipment and establishing a mining camp, with such activities continuing throughout the Winter of 2023-2024 in preparation for mining activities in the Spring of 2024, all of which Pasek observed on multiple occasions. With the foregoing facts taken together, MAC's use of the Claims was open and obvious.

50.     This failure to notify Plaintiff or provide an opportunity to challenge or appeal a decision to forfeit a claim violates 43 CFR Part 4 which provides that the Bureau of Land Management must provide a notice and an opportunity to appeal a decision forfeiting a claim. On information and belief, the County Recorder did not inform the Bureau of Land Management of its unilateral decision. This was confirmed when Plaintiff contacted the Bureau of Land Management it was informed that it Claims were in good standing, and that plaintiff did, in fact, own the Claims.

51.     On May 1, 2024, MAC sent to High Lonesome Claims and R. Sears, via mail and e-mail, a letter informing R. Sears that the HLC Claims were adverse to the Claims, void *ab initio*, and provided High Lonesome Claims and R. Sears with a Notice of Abandonment of Unpatented Mining Claims, further requesting High Lonesome Claims and R. Sears execute the same and cause it to be recorded in the Official Records. (A true and correct copy of MAC's letter to High Lonesome Claims and R. Sears is attached hereto as Ex. "14").

52.    On May 1, 2024, counsel for MAC sent to R. Sears, via email, that certain Findings of Fact, Conclusions of Law, and Decision; and Order Vacating Prior Order; and Order Granting Plaintiffs Partial Summary Judgment in that certain case from the Sixth Judicial District Court of the State of Nevada in and for the County of Pershing, CV 03-9418, finding NRS 517.230 does not operate as a forfeiture statute. (A true and correct copy of the State Court decision is attached hereto as Ex. "15"). This was provided as precedent to inform that the action being taken by Defendants was wrong and unlawful.

53.    On or about May 1, 2024, Pasek intercepted some of MAC vendors who were placing stakes at the Claims. Pasek defamed MAC by telling the vendor that they (MAC) were "corrupt folks," that they "have ripped everybody off," that he had a "$460,000 judgment" against them, and he would have the vendor and MAC arrested if they did not leave the Claims. None of the statements made by Pasek were true.

54.    On May 14, 2024, while lying on a hill of tailings located on Pasek's mining claim, Pasek, who was wearing a white hard hat and was using a scope, and another individual with him but unknown to MAC at this time, pointed rifles at MAC agents Chris Ripatti, Victor Bahena Sanchez, and Karla Sanchez, as well as at Douglas Burke, Joseph Bowman, Job Eleazar Rocha Garza, Job, Isaac Rocha Gonzalez, and Daniel Pacheco, all of whom were on the Property. This caused Karla Sanchez to contact BLM Ranger Nathan Walford who told her to call 911. Karla Sanchez's 911 call was eventually routed to the White Pine County Sheriff.

55.    On or about May 28, 2024, K. Dobrescu and N. Dobrescu conveyed their interest in HLC Claims to Defendants C. Sears and Lisa Sears via that certain deed recorded in the official records of the White Pine County Recorder as Document No. 2024-402852.

56.     On or about Jun 6, 2024, Pasek, as agent of J. Salisbury, entered upon MAC's claim and began excavating, claiming such actions were taking place on a Salisbury Claim and in accordance with an undisclosed agreement.

57.     Upon information and belief, Pasek continued to excavate thenceforth and continues to do so as of this filing.

58.     On or about October 2023, Pasek, as agent of P. Salisbury, entered upon MAC's claim and performed unknown actions, claiming such actions were taking place on a Gold Wheel Claim.

59.     Upon information and belief, Pasek continued to perform such unknown actions thenceforth and continues to do so as of this filing.

60.     MAC understood and intended to receive fee simple title to the Claims from Infinity for valuable consideration.

61.     MAC is informed and believes, and thereon alleges, that Infinity intended to sell fee simple title to the Claims to MAC.

62.     MAC is informed and believes, and thereon alleges, that it holds fee simple title to the Claims.

63.     MAC is informed and believes, and thereon alleges, that at all times material hereto, each of the Defendants was the agent and employee of the other Defendants and was acting within the course, scope and authority of said agency; each Defendant approved, ratified and authorized the acts of each of the other Defendants as herein alleged; each Defendant was subject to a right of control by the other Defendants; each Defendant was authorized to act for each and all of the other Defendants; and each Defendant, including High Lonesome Mining, is a successor in interest to each of the other Defendants.

**SECOND AMENDED COMPLAINT**

64.    On November 12, 2024, this Court issued its Order (Dkt. _84) (the "Order") quieting title to the Claims in MAC. The Order found that the Defendant's claims were *void ab initio* and the Defendants had no right to conduct mining activity on the Claims.

65.    Since the entry of the Order, Defendants Pasek, DigM, HeavyEq, and Black Shadow continue to conduct substantial mining activities on the following MAC Claims: Mav 5A, Mav 5C, Mav 5D, Solomon 4 and Solomon 6.

66.    On September 30, 2025, MAC sent to Defendants, through their counsel, a letter demanding that they cease and desist from conducting mining activities on MAC's claims.

67.    Despite such letter, Defendants Pasek, DigM,, HeavyEq, and Black Shadow refuse to cease their mining activities. On information and belief, these Defendants assert they have the right to conduct their mining activities pursuant to alleged claims known as the Mary Ann 1 through 4 claims (the "Mary Ann claims") and through agreements with Defendants P. Salisbury, J. Salisbury, and G. Salisbury.

68.    The Mary Ann Claims are void *ab initio* for several independent reasons. First, the Mary Ann Claims are placer claims, and all placer claims are only valid if they follow the aliquot parts of legal subdivisions of a public survey. The land encompassing the Mary Ann Claims were publicly surveyed and approved in or about February 1872, more than 100 years ago, and to be valid, the Mary Ann Claims were required to adhere to the aliquot parts of the survey. However, Mary Ann Claims fail to follow this survey and are, therefore, void *ab initio*.

69.    In addition,  a placer claim cannot be located over an existing lode claim. Namely, the Mary Ann 1, Mary Ann 2, and Mary Ann 4 placer claims were located over top of the existing Mary Ann 1 and Mary Ann 4 lode claims. Therefore, to the extent the Mary Ann 1, Mary Ann 2, and Mary Ann 4 placer claims overlay the Mary Ann 1 and Mary Ann 4 lode claims, those placer claims are void *ab initio* for this reason also.

70.    In addition, an unpatented mining claim must be located upon land that is open to mineral location . In this regard, the location monument of the claim must be placed upon locatable land (i.e. land that is not already the subject of a valid claim), or the entire claim is invalidated. However, the location monument of the Mary Ann 1, Mary Ann 2, and Mary Ann 4 placer claims were erected on the existing Mary Ann 1 and Mary Ann 4 lode claims which were not open for mineral location. Therefore, the Mary Ann 1, Mary Ann 2 and Mary Ann 4 placer claims are void *ab initio* for this reason also.

71.    In addition, an unpatented placer mining claim is invalid to the extent it overlaps onto a valid senior unpatented placer mining claim. In this regard, several of the Mary Ann Claims were located over the top of existing placer mining claims. Namely, a portion of the Mary Ann 1 placer claim was located over the top of the existing Mav 5D claim. The Mary Ann 2 placer claim was located over the top of the Mav 5C and D claims. The Mary Ann 4 placer claim was located over the top of the Mav 5D claim. The Mary Ann 3 claim was located over the top of the Solomon 6 claim. Therefore, these Mary Ann Claims are also void *ab initio* for these reasons as well.

## CONSPIRACY ALLEGATIONS

72.    At all times relevant to this complaint, Defendants R. Sears, Leslie Sears, Clay Sears, Lisa Sears, N. Dobrescu, K. Dobrescu, S. Dobrescu, T. Dobrescu. D. Southam, and C. Southam were members of a group known as High Lonesome Claims and High Lonesome Mining (the "High Lonesome Defendants"), which engaged in the unlawful and fraudulent practice of registering claims with the Bureau of Land Management ("BLM") and false reports to local law enforcement for the purpose of personal gain.

73.    Beginning on or after November 1, 2023, the High Lonesome Defendants entered into an agreement to fraudulently register claims with the intent to deceive the BLM and local law

**SECOND AMENDED COMPLAINT**

enforcement agencies and to obtain financial benefits from mining valuable resources located on MAC Project LLC's claims.

74. The High Lonesome Defendants, acting in concert, agreed upon and executed a plan to submit false and misleading information to the BLM and local law enforcement as part of their scheme. The purpose of this scheme was to deprive MAC of its lawful mining claims and to convert MAC's resources for their own benefit.

75. The High Lonesome Defendants' conspiracy also involved registering claims to BLM officials who, under federal law, are not permitted to own claims.

76. The High Lonesome Defendants' conspiracy also involved false police reports to local law enforcement which led to MAC being ousted from their mining claims.

77. The High Lonesome Defendants' actions constituted a civil conspiracy.

78. Defendants Pasek, J. Salisbury, P. Salisbury, G. Salisbury, HeavyEq and Black Shadow (the "Pasek Defendants") entered into an agreement to fraudulently register claims with the intent to deceive the BLM and local law enforcement agencies to wrongly obtain financial benefits from mining valuable resources located on MAC's claims. These claims are called by the Pasek Defendants the Stormy Claims and the Mary Ann Claims.

79. On information and belief, the Pasek Defendants' conspiracy also involved false police reports to local law enforcement which led to MAC being ousted from their mining claims.

80. The Pasek Defendants' actions constituted a civil conspiracy.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief-Preemption by a Federal Statute)

81. MAC re-alleges each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

82.    As alleged herein, an actual controversy has arisen and now exists between MAC and Defendants regarding the validity of their respective placer mining claims; which controversy must be resolved by this Court.

83.    Despite this Court's Order, the Pasek Defendants continue to assert the right to conduct mining activities over the Plaintiff's Claims and continue, unabated, to engage in substantial mining activities on the Claims.

84.    The interests of Defendants are completely adverse to MAC's. Namely, while MAC believes its Claims are valid and Defendant High Lonesome Claims and Pasek's placer mining claims were void *ab initio*, such Defendants believe the Claims were rendered forfeit and those public lands were therefore open to mineral location. The position of the Defendants is based on NRS 517 et. seq. which is preempted by the Federal Land Policy and Management Act of 1976, 43 USC §1701 et. seq. and The General Mining Law of 1872, 30 USC §§ 21 to 54 and 611 to 615, as amended. Moreover, the Defendants' interest in the Claims violated the rights of MAC pursuant to 43 CFR Part 4.  Further P. Salisbury located his claims on lands that were not open to mineral location and has maintained the filings of such claims in an effort to claim an adverse possessory right over MAC's Claims.

85.    MAC has a legal interest in this dispute, as it owns and mines the lands associated with the Claims.

86.    MAC owns the Claims which are active placer mining claims in good standing with the BLM, the State of Nevada, and White Pine County.

87.    MAC believes that it is the sole, true, and rightful owner of the Claims, claiming to own the same in fee, against the whole world.

88.    MAC has paid all fees of every kind levied or assessed and due against the Claims.

89.    MAC desires a judicial determination of the validity of its interest in the Claims.

90.     Specifically, MAC seeks a judicial determination that Defendants have no ownership interest in the Stormy Claims, the HLC Claims, and the Gold Wheel Claims, as those claims are void and were void *ab initio* as the lands were not open to mineral location, and that MAC is the owner of the Claims which are in good standing under State, Federal, and local law.

91.     Further, the Notice of Trespass and Cease and Desist Order delivered by R. Sears has no validity because Defendants R. Sears, L. Sears, N. Dobrescu, K. Dobrescu, S. Dobrescu, T. Dobrescu, D. Southam, and C. Southam never acquired any legal interest in the Property.

92.     A judicial declaration is necessary and proper at this time under the circumstances in order that the parties may determine their rights and duties.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief-NRS 517 et. seq Is Not a Forfeiture Statute)

93.     MAC re-alleges each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

94.     As alleged hereinabove, an actual controversy has arisen and now exists between MAC and Defendants regarding the validity of their respective placer mining claims; which controversy must be resolved by this Court.

95.     Specifically, Defendants' position is that NRS 517.230 serves as a forfeiture statute whereas MAC believes it is not and further believes that a deficiency in complying with the statute can be reasonably cured.

96.     A judicial declaration is necessary and proper at this time under the circumstances in order that the parties may determine their rights and duties.

## THIRD CLAIM FOR RELIEF

### (Trespass Upon Mining Claims Against all Defendants)

**SECOND AMENDED COMPLAINT**

97.     MAC re-alleges each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

98.     By their actions, Defendants are intentionally, unlawfully, and improperly invading MAC's Claims which constitutes the property of MAC.

99.     As a result of such trespass, Defendants are damaging MAC in that (1) they are depriving MAC from the ability to mine its own Claims; (2) are taking from MAC valuable resources (gold and other minerals) that belong to MAC and MAC MINING; (3) have taken the infrastructure and equipment belonging to MAC.

100.    These actions have resulted in damages to MAC to be proven at trial.

101.    The actions of Defendants are willful, despicable, and show a conscious disregard for the rights of others, and therefore MAC is entitled to exemplary and punitive damages in addition to compensatory damages.

**FOURTH CLAIM FOR RELIEF**

**(Conversion)**

102.    MAC and MAC MINING re-allege each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

103.    The actions by the Defendants constitute a distinct and intentional act of dominion over MAC's Claims and the property and resources located on the Claims.

104.    Such dominion is wrongful and deprives MAC and MAC MINING from the enjoyment or benefit of their property.

105.    As a result of such actions, MAC and MAC MINING have been damaged in an amount to be proven at trial.

**SECOND AMENDED COMPLAINT**

106.    The actions of Defendants are willful, despicable, and show a conscious disregard for the rights of others, and therefore MAC and MAC MINING are entitled to exemplary and punitive damages in addition to compensatory damages.

## FIFTH CLAIM FOR RELIEF

### (An Accounting Against Defendants Pasek, J. Salisbury, P. Salisbury, and G. Salibury)

107.    MAC and MAC MINING re-allege each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

108.    It is unknown the quantity of resources that the Defendants have taken through their unlawful mining efforts that belong to MAC and MAC MINING.

109.    An accounting is needed to determine the amount taken.

## SIXTH CLAIM FOR RELIEF

### (For Defamation Against Pasek)

110.    MAC and MAC MINING re-allege each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

111.    On or about May 1, 2024, Pasek made defamatory statements to MAC and MAC MINING's vendors about MAC, MAC MINING, and its operators. These statements included that MAC, MAC MINING, and its operators were "corrupt folks," that they "have ripped everybody off," that he had a "$460,000 judgment" against them, and he would have the vendors MAC and MAC MINING arrested if they did not leave the Claims. None of the statements made by Pasek were true.

112.    The statements made by Pasek were willful and intended to injure the reputation of MAC, MAC MINING, and their standing in the community. The statements constituted defamation.

113.    As a result of such statements, MAC and MAC MINING has been damaged in an amount to be proven at trial.

114.    The actions of Pasek were willful, despicable, and show a conscious disregard for the rights of others, and therefore MAC and MAC MINING is entitled to exemplary and punitive damages in addition to compensatory damages.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief as to the Mary Ann Claims Against the Pasek Defendants)

115.    MAC re-alleges each and every allegation contained herein as though fully stated herein and hereby incorporated by this reference as if fully set forth below.

116.    As alleged herein, an actual controversy has arisen and now exists between MAC and Defendants regarding the validity of their respective placer mining claims; which controversy must be resolved by this Court.

117.    Despite this Court's Order, the Pasek Defendants continue to assert the right to conduct mining activities over the Plaintiff's Claims and continue, unabated, to engage in substantial mining activities on the Claims.

118.    The interests of Defendants are completely adverse to MAC's. Specifically, the Pasek Defendants assert that the Mary Ann Claims are valid and based on this continue to conduct mining activities on the Claims despite demands that they cease.

119.    MAC has a legal interest in this dispute, as it owns and mines the lands associated with the Claims.

120.    MAC owns the Claims which are active placer mining claims in good standing with the BLM, the State of Nevada, and White Pine County.

121.    MAC believes that it is the sole, true, and rightful owner of the Claims, claiming to own the same in fee, against the whole world.

122.    MAC has paid all fees of every kind levied or assessed and due against the Claims.

123.    MAC desires a judicial determination of the validity of its interest in the Claims.

**SECOND AMENDED COMPLAINT**

124.    Specifically, MAC seeks a judicial determination that Defendants have no ownership interest in the Mary Ann Claims, as those claims are void and were void *ab initio.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, MAC and MAC MINING request judgment against the Defendants, and each of them, as follows:

1.    For declaratory relief as stated and detailed above;

2.    For compensatory damages according to proof at trial.

3.    For punitive damages when applicable.

4.    For Quieting of Title to the Claims in MAC.

5.    For an injunction prohibiting Defendants from asserting any rights in the Claims and from further interfering with MAC's right to lawfully exploit the Claims.

6.    For attorney's fees and costs according to proof; and

7.    For such other and further relief as the Court may deem just and proper.


**SLIGHTING LAW**


DATED: October 20, 2025              BY: *Bradley S. Slighting*
                                     Bradley S. Slighting, Esq.


**WELLMAN & WARREN, LLP**


DATED: October 20, 2025              BY: *Scott Wellman*
                                     Scott Wellman, Esq.

**SECOND AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, under the laws of the United States of America that on this date, I caused to be electronically filed the foregoing document, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following parties:

Richard W. Sears,
775 296-3075
rwsears@Me.com
  *Attorney for Counterclaimants, High Lonesome Claims, High Lonesome Mining Inc., and Richard Sears*

Michael S. Pasek
Shain Manuele,
1136 Main Street, Panaca, Nv 89042
435 592-9661
office@Manuelelaw.com

  *Attorneys for Defendants Attorney for Defendants, High Lonesome Claims, High Lonesome Mining, Inc., and Richard W. Sears*

  *Attorney for Defendants/Counterclaims, Leslie  A. Sears, Nikolai L. Dobrescu; Kellie Ann Dobrescu, Steven L. Dobrescu, Teena K. Dobrescu, Dave Southam, Camie Southam, Clay Sears, Lisa Sears,*

DEMETRAS LAW
J. Craig Demetras
230 E. Liberty Street
Reno, NV 89501
775-348-4600
jcd@demetraslaw.com

  *Attorney for Defendants, Michael S. Pasek, June Salisbury and Phil Salisbury*

By: /s/_____

  Scott Wellman, CA SBN: 82897

**CERTIFICATE OF SERVICE**