UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MAC PROJECT LLC,

Plaintiff,

v.

HIGH LONESOME CLAIMS, *et al.*,

Defendants.

Case No. 3:24-cv-00217-MMD-CSD

ORDER

## I.    SUMMARY

This action arises from a dispute over the ownership of several placer mining claims ("Claims"[1]) in White Pine County, Nevada. (ECF No. 55 ("FAC").) Plaintiff Mac Project, L.L.C. ("MAC") purchased the Claims from their prior owner, Infinity Mine, L.L.C. ("Infinity"), and brings suit against Defendants/Counterclaimants[2], who began recording new certificates of location on the Claims shortly after MAC's purchase. (*Id.*) During oral argument on Plaintiff's motion for a temporary restraining order, the Court granted an

---

[1]The Claims as alleged in the FAC are Solomon 1, 2, 3, 4, 6, and 7 and MAV # 5A, 5C, 5D, 5E, 5F, and 5G. (ECF Nos. 1 at 3-4, 55.) MAC conceded that claim MAV # 5B has been lost. (ECF No. 30 at 3.) The Second Amended Complaint ("SAC") identifies the same Claims. (ECF No. 104 ("SAC") at 4-5.)

[2]Individual Defendants are Richard W. Sears; Leslie A. Sears; Nikolai L. Dobrescu; Kellie Ann Dobrescu; Steven L. Dobrescu; Teena K. Dobrescu; Dave Southam; Camie Southam; Clay Sears; Lisa Sears; Michael S. Pasek; June Salisbury; Phil Salisbury; and High Lonesome Claims ("HLC") and High Lonesome Mining, Inc. (ECF No. 55.) Defendants HLC, Pasek and Salisbury brought counterclaims for injunctive and declaratory relief, as well as tort claims, against Plaintiff and others. (ECF No. 61.) The SAC adds Mac Mining Group, Inc. as an additional Plaintiff, and adds additional Defendants: Guy Salisbury, Dig M Excavation Services, Inc. ("Dig M"), Heavy Equipment Leasing, Inc. ("HELI"), and Black Shadow Trust. (ECF No. 104.) In response to the SAC, Defendants June Salisbury, Phil Salisbury, Pasek, Dig M, HELI and Black Shadow Trust assert amended counterclaims against MAC and other counter-defendants, seeking declaratory judgment, quiet title, and asserting tort claims. (ECF No. 124 ("The Counterclaim").)

expedited briefing schedule to resolve the dispute—mainly ownership of the Claims—on the merits. (ECF Nos. 51; 56 at 15-18.) The parties filed competing motions for summary judgment.[3]  The Court granted summary judgment in favor of Plaintiff as to its declaratory relief and quiet title claims (claims one, two and six in its FAC (ECF No. 55)), to the extent Plaintiff requests a judicial determination that MAC is the owner of the Claims, that Defendants have no ownership interest in the Claims and their claims are void *ab initio*, and that failure to comply with NRS § 517.230 does not work an automatic forfeiture. (ECF No. 84 ("Order") at 5-17.)

Before the Court are Defendants' motion for reconsideration (ECF No. 107 ("Motion for Reconsideration"))[4] and Plaintiffs/Counter-Defendants' motion to dismiss counterclaims (ECF No. 128 ("Motion to Dismiss"). For the reasons discussed herein, the Court denies the Motion for Reconsideration and grants the Motion to Dismiss.

## II.    MOTION FOR RECONSIDERATION[5]

Defendants seek reconsideration of the Order based on newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2) and Local Rule 59-1. Rule 60(b)(2) provides for post-judgment relief based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." LR 59-1(a) provides, in pertinent part, that reconsideration is appropriate if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1(a).  In general, such motions are disfavored, and "[a] movant must not repeat

---

[3]MAC and the individual Defendants each assert that they are the rightful owners of the Claims at issue and seek relief on that basis. (ECF Nos. 64, 68.)

[4] Plaintiffs responded (ECF No. 110), Counterclaimants replied (ECF No. 113) and Defendants replied (ECF No. 115).

[5]The Court incorporates the background facts recited in the Order. (ECF No. 84 at 2-5.)

arguments already presented." LR 59-1(b). *See also Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").

Here, Defendants insist they have "[n]ewly discovered evidence obtained from the county and BLM [that] shows that many of MAC's claim[s] are invalid because the location monuments for the claims were located on existing valid claims." (ECF No. 107 at 3.) Defendants contend the newly discovered evidence shows that MAC's predecessor, Infinity, "may not have valid claims to transfer to the Plaintiff." (ECF No. 115 at 6.) As support, Defendants relied on two declarations—that of Defendant Mike Pasek and Defendant June Salisbury.[6] Defendant Pasek asserted that he "believe[s] that Solomon 6 is invalid because there is no location monument on the ground" and goes on to explain why he believes there exists other issues with the Solomon 6 location monument. (ECF No. 108 at 3-4.) Pasek also asserted why he believes there are issues with MAV5A-6H claim location monument based on his review of BLM and county records. (*Id.* at 4.) Defendant Salisbury stated that based on a review of BLM and county records, she believes that Plaintiff's MAV5C and MAV5D claim monuments were "located on my existing Mary Ann claim" and "Plaintiff's MAV5A-5H claim monuments were located on existing MAV 1-8 claims which were not abandoned prior to the location of the MAV5A-5H." (ECF No. 109 at 3-4.) Plaintiffs counter the claimed new evidence is not newly

---

[6]Defendants attached as Exhibit A to their reply brief a request for judicial notice. (ECF No. 115-1.) The Court denies the request for two reasons. First, the request was not properly filed as a request but was instead submitted as exhibit to the reply brief. Moreover, the documents of which Defendants ask the Court to take judicial notice include documents filed in the Seventh Judicial District Court County of White Pine, State of Nevada from 2012. (*Id.* at 14.) While the Court can take judicial notice of the lawsuit filed in that court, the Court cannot take judicial notice of disputed content of the filings to support Defendants' contention as to what these records show (ECF No. 115 at 4-5.) *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (A federal court may properly take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records.").

discovered nor admissible evidence to warrant reconsideration.

The Court agrees with Plaintiffs that Defendants fail to meet the standard warranting reconsideration. In the context of Rule 60, "newly discovered" evidence does not include evidence previously in a moving party's possession or which "could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). As Plaintiffs point out, Defendants have failed to show that they could not have discovered the evidence to present in connection with the prior dispositive motions on the issue of the parties' competing argument that they are rightful owners to the Claims. (ECF No. 110 at 7.) Even by Defendants' own admission, they based their opinion on BLM and county records that are publicly available, and the state court records that they offer were from a 2012 lawsuit. (ECF No. 109-1.) Defendants have not shown how they could not have discovered this evidence that they claim may taint the validity of Infinity's Claims before they were transferred to Plaintiffs.

Moreover, as Plaintiffs correctly point out, the evidence offered consists of inadmissible lay opinions of two Defendants that do not warrant reconsideration. (ECF No. 110 at 5-6.) As discussed above, Defendants Pasek and Salibury offered that they believe the Claims are invalid based on their review of BLM and county records. Because they do not hold themselves out to be expert witnesses, their opinions are improper lay opinions that would be inadmissible under Federal Rule of Evidence 602.

## III.    MOTION TO DISMISS

Counter-Defendants (collectively, "MAC") seek dismissal of the counterclaims, all of which are premised on ownership of the Claims that the Court resolved in favor of MAC in the Order. (ECF No. 128.) In particular, MAC argues that the counterclaims are barred by the doctrine of res judicata, the law of the case doctrine, and are an attempt to circumvent Rule 19(e). Counter-Claimants June Salisbury and Phil Salisbury (collectively, "the Salisburys") respond that neither doctrine applies, and they have moved for reconsideration and are thus not circumventing Rule 59(e). (ECF No. 134.)

The Court agrees with MAC that the law of the case doctrine bars the

Counterclaim.[7] The Counterclaim in gist alleges that the Saliburys are owners of the Mary Ann group of mining claims and the Gold Wheel claims. (ECF No. 124.) The Counterclaim alleges that these claims have "been mined continuously since 1935, as such these claims are superior in discovery to any of the claims involved in this lawsuit." (*Id.* at 20.) The Counterclaim goes on to allege deficiencies that affect the validity of the Claims similar to the "newly discovered evidence" offered in support of the Motion for Reconsideration. (*Id.* at 22-26.)

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016.) The "doctrine promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Fallon v. Dudek*, 135 F.4th 831, 836 (9th Cir. 2025) (quoting *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 816 (1988) (internal quotation marks omitted)). Here, the Court resolved the parties' dispute as to ownership of the Claims in the summary judgment proceedings, finding MAC to be the rightful owner of the Claims. (ECF No. 84 at 5-17.) The Saliburys argue that the Court should revisit its Order to avoid manifest injustice, but they do not argue how upholding the Order results in manifest injustice. To the extent they rely on the arguments made in the Motion for Reconsideration, the Court has rejected their arguments.

In sum, the Court granted summary judgment in favor of MAC as to its declaratory relief and quiet title claims to the extent Plaintiff requests a judicial determination that MAC is the owner of the Claims, that Defendants have no ownership interest in the Claims. (ECF No. 84.) The Counterclaim challenges MAC's ownership of the Claims and are thus barred by the law of the case doctrine. Accordingly, the Court will grant MAC's Motion to Dismiss.

///

---

[7]Accordingly, the Court declines to address the application of res judicata.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for reconsideration (ECF No. 107) is denied.

It is further ordered that Counter-Defendants' motion to dismiss counterclaims (ECF No. 128) is granted.

DATED THIS 1st Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6