UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MAC PROJECT LLC,

                            Plaintiff,

    v.

HIGH LONESOME CLAIMS, *et al.*,

                            Defendants.

Case No. 3:24-cv-00217-MMD-CSD

ORDER

This action arises from a dispute over the ownership of several placer mining claims ("Claims"[1]) in White Pine County, Nevada.[2] (ECF No. 1.) The Court granted summary judgment in favor of Plaintiff MAC Project LLC ("MAC") as to its declaratory relief and quiet title claims (claims one, two and six in its First Amended Complaint (ECF No. 55)), to the extent Plaintiff requests a judicial determination that MAC is the owner of the Claims, that Defendants have no ownership interest in the Claims and their claims are void *ab initio*, and that failure to comply with NRS § 517.230 does not work an automatic forfeiture. (ECF No. 84 ("Order") at 5-17.) The Court subsequently denied Defendants' motion for reconsideration of the Order and granted Plaintiffs/Counter-Defendants' motion to dismiss counterclaims. (ECF No. 143 ("Reconsideration Order").) Thus, the Court's Order finding MAC as the owner of the Claims resolves the ownership issue of the Claims on the merits.

In the meantime, before the issuance of the Reconsideration Order, MAC filed an

---

[1]The Claims are Solomon 1, 2, 3, 4, 6, and 7 and MAV # 5A, 5C, 5D, 5E, 5F, and 5G. (ECF Nos. 1 at 3-4, 5.) MAC conceded that claim MAV # 5B has been lost. (ECF No. 30 at 3.)  The Second Amended Complaint ("SAC") identifies the same Claims. (ECF No. 104 ("SAC") at 4-5.)

[2]The Court refers to its recent order that provides a brief procedural history and list of the parties, including identities of Defendants and Counterclaimants. (ECF No. 143.)

emergency motion for temporary restraining order, enjoining the Subject Defendants[3] from engaging in mining activities on MAC's Claims. (ECF No. 141 ("Emergency Motion").) In response, the Subject Defendants argue that they are "mining on valid claims that are *not owned* by MAC" and they further argue that MAC cannot prevail. (ECF No. 144 at 4.) Subject Defendants represent that they "have ceased all mining operations in the pertinent area to wait for this Court's ruling on whether extraordinary relief is warranted." (*Id.* at 3.)

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders ("TRO"). The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction or TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20.

Here, the Court agrees with MAC that it has satisfied the four *Winter* factors. To start, the Court found for MAC on the merits—MAC is the owner of the Claims. (ECF No. 84 at 5-7; ECF No. 143 at 4.) Subject Defendants' response denies that they are mining on MAC's Claims and asserts that they have valid claims, which they describe as "the Mary Ann 1 and 2 Placer Claims and the Yorkshire Claim." (ECF No. 144 at 5-6.) But as MAC points out, the Court has resolved the ownership issue in its favor. (ECF No. 147 at 5.) Thus, to the extent Subject Defendants are asserting rights to the Claims, the Court

---

[3]The Emergency Motion identifies the Subject Defendants as Defendants June Salisbury, Michael S. Pasek, Dig M Excavation Services, Inc., Heavy Equipment Leasing, Inc., and Black Shadow Trust. (ECF No. 141 at 2.)

has resolved that issue in MAC's favor. Thus, MAC has demonstrated likelihood of success on the merits.

Next, MAC has met its burden as to the remaining three *Winter* factors. MAC has demonstrated Defendants' attempt to mine the Claims results in irreparable harm to its property and mining interests.[4] (ECF No. 141 at 8-9.) *See United States v. Barrows,* 404 F.2d 749, 751 (9th Cir. 1968) (affirming district court's order temporarily restraining defendants from continuing to remove "vast quantities of sand and gravel beyond that which is seasonally replenished" resulting in irreparable harm to forest lands), *cert. denied*, 89 S.Ct. 1468 (1969). The balance of equities tips in MAC's favor because the Court has already found that MAC owns the Claims so it would be unfair to allow Subject Defendants to maintain mining operations on MAC's Claims. The public interest also favors granting the Emergency Motion, particularly given that the Court has had to intervene to enforce its prior orders.[5]

Finally, in light of the Court's resolution of the ownership of the Claims and the limited duration of this order, the Court declines to impose a bond.

In sum, the Court agrees with MAC that it is entitled to an emergency TRO and will grant the Emergency Motion.

It is therefore ordered that Plaintiff MAC's emergency motion for a restraining order (ECF No. 141) is granted. Subject Defendants are temporarily enjoined from engaging in any mining activities or the extraction of minerals or ores from MAC's Claims pending the Court's determination as to why a preliminary injunction should not be granted.

It is further ordered that MAC will have seven days from the date of this order to file a motion for preliminary injunction. The normal briefing schedule will apply to that

---

[4]The Court is not persuaded by Subject Defendants' response that "taking of minerals" is not irreparable harm because the loss can be compensated with money damages. (ECF No. 144 at 11-12.)

[5]While the Court appreciates that Subject Defendants have ceased operations pending the Court's ruling, the Court agrees with MAC that given the procedural history, the Court should address its Emergency Motion to clarify the parties' respective rights.

motion. Failure to file the motion will result in termination of this order.

DATED THIS 12th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4