UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MAC PROJECT LLC,

Plaintiff,

v.

HIGH LONESOME CLAIMS, *et al.*,

Defendants.

Case No. 3:24-cv-00217-MMD-CSD

ORDER

This action arises from a dispute over the ownership of several placer mining claims ("Claims"[1]) in White Pine County, Nevada.[2] (ECF No. 1.) The Court granted summary judgment in favor of Plaintiff MAC Project LLC ("MAC") as to its declaratory relief and quiet title claims (claims one, two and six in its First Amended Complaint (ECF No. 55)), to the extent Plaintiff requests a judicial determination that MAC is the owner of the Claims, that Defendants have no ownership interest in the Claims and their claims are void *ab initio*, and that failure to comply with NRS § 517.230 does not work an automatic forfeiture. (ECF No. 84 ("Order") at 5-17.) The Court subsequently denied Defendants' motion for reconsideration of the Order and granted Plaintiffs/Counter-Defendants' motion to dismiss counterclaims. (ECF No. 143 ("Reconsideration Order").) Thus, the Court's Order finding MAC as the owner of the Claims resolves the ownership issue of the Claims on the merits.

Additionally, the Court granted Mac's emergency motion for temporary restraining

---

[1]The Claims are Solomon 1, 2, 3, 4, 6, and 7 and MAV # 5A, 5C, 5D, 5E, 5F, and 5G. (ECF Nos. 1 at 3-4, 5.) MAC conceded that claim MAV # 5B has been lost. (ECF No. 30 at 3.)  The Second Amended Complaint ("SAC") identifies the same Claims. (ECF No. 104 ("SAC") at 4-5.)

[2]The Court refers to its recent order that provides a brief procedural history and list of the parties, including identities of Defendants and Counterclaimants. (ECF No. 143.)

order, enjoining the Subject Defendants[3] from engaging in mining activities on MAC's Claims pending a determination as to why a preliminary injunction should not be granted. (ECF No. 150 ("TRO Order.) MAC then filed a motion for preliminary injunction in compliance with the Court's deadline. (ECF No. 151 ("PI Motion")[4].) For the same reasons the Court issued the TRO Order, the Court grants the PI Motion.

In the TRO Order, the Court found MAC has satisfied the four *Winter*[5] factors for obtaining a temporary restraining order. (ECF No. 150 at 2.) Because the factors for granting preliminary injunction are "substantially identical," the Court will incorporate its analysis from the TRO Order. To reiterate, the Court finds MAC has met its burden to obtain a preliminary injunction.

In response to the PI Motion, Defendants again insist that they are "mining on valid claims that are *not* owned by MAC" and that June Salisbury "owns the Yorkshire Claim and the Mary Ann Placer Claims." (ECF No. 153 at 5 (emphasis in original).) The Court rejected this argument in the TRO Order.[6] (ECF No. 150 at 2-3.)

The Court had declined to impose a bond "in light of the Court's resolution of the ownership of the Claims and the limited duration of this order." (*Id.* at 3.) In their response, Defendants insist that the Court should require a bond in the amount of $250,000.00. (ECF No. 153 at 20.) Defendants offered as support Michael Pasek's declaration where

---

[3]The emergency motion identifies the Subject Defendants as Defendants June Salisbury, Michael S. Pasek, Dig M Excavation Services, Inc., Heavy Equipment Leasing, Inc., and Black Shadow Trust. (ECF No. 141 at 2.) These same Defendants filed an opposition to the PI Motion.

[4]Defendants filed an opposition to the PI Motion (ECF No. 153) and MAC filed a reply (ECF No. 154; ECF No. 155 (errata).)

[5]To qualify for a preliminary injunction or temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[6]As MAC points out in reply, Defendants acknowledged that the Court already addressed the issues raised and are filing their opposition to "preserve the record for appellate review." (ECF No. 155 at 8; ECF No. 153 at 4.)

he estimated he "will lose a minimum of $250,000.00 of income, lost profit, lost operational costs, and other similar damages." (ECF No. 153-2 at 3.) MAC countered that Defendants' claimed injuries are speculative and that their past mining activities in violation of the Court's prior order have caused harm that MAC will need to mitigate. (ECF No. 155 at 14.) As noted, the Court already resolved the ownership dispute which mitigates the impact of this order. Moreover, this case is approaching the conclusion of discovery and moving toward a trial in early 2027, which further minimizes the impact of any claimed injuries caused by the delay in mining operations.[7] Accordingly, the Court finds that a modest bond in the amount of $10,000.00 will suffice for harm resulting from any potential delay in Defendants' mining activities here.

It is therefore ordered that MAC's motion for preliminary injunction (ECF No. 151) is granted.

It is further ordered that Defendants are preliminarily enjoined from engaging in any mining activities or the extraction of minerals or ores from MAC's Claims pending final resolution of this case.

It is further ordered that MAC posts a bond in the amount of $10,000.00 within seven days of the date of entry of this order.

DATED THIS 30th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7]The Court recently granted the parties' stipulation to extend the discovery deadline to July 20, 2026, setting the deadline for the proposed joint pretrial order for October 31, 2026. (ECF No. 137.)